UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| CHRIS A. TRUBIANO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 24-078-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW MUNSON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Chris Trubiano is presently confined at the Green River Correctional Complex in Central City, Kentucky. Proceeding without an attorney, Trubiano has filed a civil complaint related to revocation of his parole. [Record No. 1] The Court previously granted Trubiano's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Record No. 10] The Court now conducts a preliminary review of Trubiano's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

Trubiano names as Defendants the Kentucky Parole Board, Andrew Munson (an employee of the Kentucky Parole Board), and Cookie Crews (the Commissioner of the Kentucky Department of Corrections ("KDOC")), for allegedly improperly revoking his

---

[1] On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Trubiano's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

parole and remanded him to state custody. [Record No. 1] According to Trubiano, Munson violated Trubiano's parole on June 12, 2023, based upon photos posted to the plaintiff's social media accounts, notwithstanding Trubiano's claims that he had permission to be on these social media accounts and that another individual downloaded the photos to his phone. [*Id.*] Trubiano also alleges that he was initially housed in the Campbell County Jail, where he was forced to sleep on the floor for 96 days while awaiting his hearing, and that his legal counsel at his revocation hearing was ineffective. [*Id.*] He sues the Kentucky Parole Board and the individual defendants in their official capacities and requests monetary damages and reinstatement of his parole. [*Id.*] However, Trubiano's complaint will be dismissed on initial review for failure to state a claim for which relief may be granted.

First, Trubiano may not recover monetary damages from the Parole Board or either Defendant in their official capacity. An "official capacity" claim against a government official is not a claim against the officer arising out of their conduct as an employee of the government but is a claim directly against the governmental agency which employs them. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, Trubiano's "official capacity" claims against Munson and Crews are construed as claims against the KDOC, the agency that employs these Defendants.

However, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official

capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018). Moreover, as an agency of the Commonwealth of Kentucky, *see* Ky. Rev. Stat. § 12.250, the KDOC (which includes the Parole Board) is not subject to suit under 42 U.S.C. § 1983 in federal court. Such entities are also not suable "persons" within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F.3d 396, 417 n.11 (6th Cir. 2019). For these reasons, Trubiano may not recover monetary damages as relief for the claims alleged in his complaint.

Further, this Court cannot grant Trubiano the injunctive relief that he seeks, which is reinstatement of parole. To obtain his release from custody, Trubiano must file a habeas corpus proceeding challenging his detention, not a civil rights action. *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). And he may not sue for damages asserting that he is wrongfully imprisoned until he has obtained the reversal of the underlying criminal charges. *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Trubiano's complaint is premature until he has satisfied this condition precedent to suit. Accordingly, it is hereby

**ORDERED** that Trubiano's complaint [Record No. 1] is **DISMISSED**, without prejudice, and this matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: May 13, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky